**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | **CHAPTER 7** |
| **ROLLCAGE TECHNOLOGY, INC.** | : | **CASE NO. 22-20743-JJT** |
| | : | |
| DEBTOR | : | December 20, 2022 |

**TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL TO THE ESTATE; DECLARATION OF PROPOSED ATTORNEY; AND PROPOSED ORDER**

TO THE HONORABLE JAMES J. TANCREDI, UNITED STATES BANKRUPTCY JUDGE:

Anthony S. Novak, Trustee **(the "Trustee")** hereby applies for authority to employ The Law Offices of Jeffrey Hellman, LLC **("Counsel")** as special counsel pursuant to 11 U.S.C. Section 327, Fed. R. Bankr. P. 2014 and D. Conn. Bankr. L. R. 2014-1, and in support thereof respectfully represents as follows:

1. On or about October 25, 2022 **(the "Petition Date")**, a voluntary bankruptcy petition was filed by Rollcage Technology, Inc. **(the "Debtor")** under chapter 7 of Title 11, United States Code, in the United States Bankruptcy Court for the District of Connecticut **(the "Court")**. The Trustee is duly qualified and acting.

2. The Trustee has conducted the initial 341 Meeting of Creditors and has been contacted by creditors and the ex-wife of the Debtor's principal, Daniel Donshik, with claims that the Debtor's principal, Mr. Donshik, was engaged pre-petition in actions that resulted in Debtor's assets being dissipated to the detriment of creditors of the estate and may be recoverable by the Trustee, including but not limited to diversion of Debtor's funds for non-Debtor use, transfer of Debtor's contracts and business opportunities to third parties for no consideration, possible repayment of loans to insiders

within one (1) year prior to the Chapter 7 filing, transfer of assets to insiders within four (4) years of the Chapter 7 petition.

3. The Trustee desires to retain Counsel to recover possible preference payments made by the Debtor in violation of 11 USC Sec. 547, possible fraudulent transfers obtained and/or directed by Officers of the Debtor pursuant to 11 USC Sec. 548 and post-petition payments made by the Debtor in violation of 11 USC Sec. 549 (the "Actions").

4. To perform his duties as Trustee, your applicant requires the services of said attorney for the following purposes:

    a. To advise and consult with the applicant concerning questions arising in the conduct of the Actions; and

    b. To appear for, prosecute, defend and represent applicant's interest in the Actions.

5. For the foregoing and all other necessary and proper purposes in connection with the Actions, the applicant desires to retain Jeffrey Hellman, Esquire as counsel for the Trustee.

6. Because of his bankruptcy and litigation experience, the applicant feels that Attorney Hellman is well qualified to render the foregoing services.

7. Based upon the Declaration attached hereto, applicant believes that said attorney does not hold or represent any interest adverse to that of your applicant or the Debtor estate. Said attorney will seek compensation based upon a contingency fee basis of one-third. Said attorney would also be entitled to claim reimbursement for his actual and reasonable out-of-pocket costs and expenses in prosecuting the Actions.

8. The Court has power to authorize employment of Jeffrey Hellman, Esquire pursuant to 11 U.S.C. Section 327(a), which states in pertinent part:

> [T]he trustee, with the court's approval, may employ one or more…attorneys …or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

WHEREFORE, the applicant prays that he be authorized to employ Jeffrey Hellman, Esquire, as his attorney to render services in the Actions described above with compensation to be paid as an administrative expense in such amounts as this court may hereinafter determine and allow upon application or applications to be filed by said attorney.

ANTHONY S. NOVAK, Trustee

By*/s/ Anthony S. Novak*
Anthony S. Novak
Fed. Bar #ct09074
280 Adams Street
Manchester, CT 06042-1975
Tel: 860-432-7710

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| ROLLCAGE TECHNOLOGY, INC. | : CASE NO. 22-20743-JJT |
| | : |
| DEBTOR | : December 20, 2022 |

**DECLARATION OF PROPOSED ATTORNEY**

I, Jeffrey Hellman, declare:

1. I am an attorney duly admitted to practice before all courts of the State of Connecticut, as well as this Court.

2. I am a member of Law Offices of Jeffrey Hellman, LLC the law firm that the Trustee is seeking to employ by the Application to which this Declaration is attached.

3. Minnesota Lawyers Mutual Insurance Company insures Law Offices of Jeffrey Hellman, LLC against any of its errors or omissions through Policy No. 3818611 effective July 1, 2022 through July 1, 2023 to the extent of $4,000,000.00 per claim, $5,000,000.00 in the aggregate, attached hereto as EXHIBIT A.

4. The law firm of Law Offices of Jeffrey Hellman, LLC has extensive experience in bankruptcy litigation and is well qualified to represent the Trustee.

5. The law firm of Law Offices of Jeffrey Hellman, LLC, its members and associates, do not hold any interest adverse to the above-entitled estate and said law firm is a disinterested person as defined in 11 U.S.C. Section 101.

6. Neither the firm nor any of its members have any connection with the Debtor; creditors of the estate; any party in interest; the attorneys and accountants who represent the

Debtor, creditors of the estate, or any party in interest; the United States Trustee; or any person employed in the office of the United States Trustee.

7. Neither the firm nor any of its members has a prepetition or other claim against the Estate.

8. Neither the firm nor any of its members has any interest adverse to the Trustee, the estate or the Debtor.

9. I acknowledge that the Bankruptcy Estate will be my client with regard to the Action.

10. I acknowledge that any Actions cannot be settled without consultation with the Trustee and the approval of the United States Bankruptcy Court.

11. I agree to turn over all funds recovered through settlement or litigation of the Actions to the Trustee.

12. I acknowledge that the United States Bankruptcy Court must approve my firm's fee application and request for reimbursement of costs before my fees can be paid.

13. I acknowledge that even though I have accepted engagement as special counsel in these litigation matters on a contingency fee basis, the United States Bankruptcy Court requires that I maintain and produce in support of my firm's fee application time records relative to my involvement in this matter.

14. I acknowledge that the United State Bankruptcy Court will require that I submit invoices, cancelled checks, or other forms of verification of the costs and expenses for which my firm may seek reimbursement in the context of my firm's fee application and request for reimbursement of costs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New Haven, Connecticut on this 20th day of December, 2022.

/s/ Jeffrey Hellman
Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT  06510
(203) 691-8762

EXHIBIT A



# MINNESOTA LAWYERS MUTUAL
INSURANCE COMPANY

## DECLARATIONS

333 South Seventh Street, Suite 2200; Minneapolis, MN 55402
Phone: (612) 341-4530    (800) 422-1370    Fax: (800) 305-1510

**Policy Number: 38186 11**

### LAWYERS PROFESSIONAL LIABILITY POLICY
### CLAIMS-MADE and REPORTED

**Item 1.**
Named Insured:
  Law Offices of Jeffrey Hellman, LLC

Address:
  195 Church St
  New Haven, CT  06510

**Item 2.**
Policy Period:    7/1/2022    to    7/1/2023
                  Effective Date        Expiration Date
12:01 a.m. at the address of the Named Insured in Item 1.

**Item 3.**
Limits of Liability:    $4,000,000    Per Claim
                        $5,000,000    Aggregate

**Item 4.**
Deductible:    $2,500    Per Claim

**Item 5.**
Premium: $6,202            Number of Lawyers: 1

**Item 6.**
Forms and Endorsements:
  MLM-0019 (06-18) Prior Acts Retroactive Date, MLM-0231 (06-18) Connecticut Changes, MLM-2000 (06-18) Coverage Form

In witness whereof, Minnesota Lawyers Mutual Insurance Company has caused this policy to be signed by its President and Secretary and countersigned by a duly authorized agent of the Company

MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY

Roger Fellows, Secretary        Ben Shubat, Authorized Agent        Paul M. Ablan, President

MLM-0034 (06-18)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:  :
 :  CHAPTER 7
ROLLCAGE TECHNOLOGY, INC.  :  CASE NO. 22-20743-JJT
 :
DEBTOR  :

## ORDER AUTHORIZING EMPLOYMENT OF
## THE LAW OFFICES OF JEFFREY HELLMAN, LLC

Upon consideration of the application of Anthony S. Novak, Trustee, for authority to employ the Law Offices of Jeffrey Hellman, LLC to serve as Special Counsel in connection with this case (Doc ID #___), and the proposed affidavit of Attorney Jeffrey Hellman and it appearing that he is admitted to practice in this Court, and that the Court being satisfied that (i) pursuant to Title 11, USC §327(a), the Law Offices of Jeffrey Hellman, LLC does not hold or represent an interest adverse to the estate and is disinterested in the matters upon which it is to be engaged, and (ii) pursuant to §327(d), said employment is in the best interests to the estate; it is hereby

**ORDERED** that Anthony S. Novak, Trustee herein, is authorized to employ Jeffrey Hellman, Esquire as attorney for the Trustee and the estate, to recover preference payments made by the Debtor in violation of 11 USC Sec. 547, fraudulent transfers obtained or directed by Officers of the Debtor pursuant to 11 USC Sec. 548 and state law pursuant to 11 USC Sec. 549 and post-petition payments made by the Debtor in violation of 11 USC Sec. 549 and to recover state law claims belonging to the estate; and it is

**FURTHER ORDERED** that pursuant to §327(d), the application is APPROVED and that the Trustee is authorized to retain the Law Offices of Jeffrey Hellman, LLC as its counsel to commence and litigate complaints pursuant to Title 11, U.S.C. §§544, 547(b), 548(a), 550 and/or applicable Connecticut State Law regarding fraudulent conveyances and/or preferences, as set

forth in the Application; and it is

**FURTHER ORDERED** that payment of compensation and reimbursement of expenses by the Law Offices of Jeffrey Hellman, LLC as counsel for the Trustee shall be computed on a contingent fee basis with allowance and payment on one-third (1/3) of amounts recovered, plus reasonable expenses, whichever is less, subject to further order of this Court after notice and a hearing upon proper application pursuant to §330 and 331; it is

**FURTHER ORDERED** that allowance of any such compensation for the Law Offices of Jeffrey Hellman, LLC shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 7 trustee without the assistance of an attorney; it is

**FURTHER ORDERED** that the Law Offices of Jeffrey Hellman, LLC has no authority to settle any litigation for the bankruptcy estate and that any settlement proposal must be presented, through the bankruptcy estate trustee, to the Bankruptcy Court and is not settled until the Bankruptcy Court enters an Order approving the settlement; it is

**FURTHER ORDERED** that upon the receipt of proceeds from either a judgment or settlement. The Law Offices of Jeffrey Hellman, LLC has no authority to either disburse or retain those proceeds but must immediately (no longer than the second business day after receipt) turn those proceeds over to the bankruptcy estate trustee.