## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | |
| | : | **CHAPTER 7** |
| **ROLLCAGE TECHNOLOGY, INC.** | : | **CASE NO. 22-20743-JJT** |
| | : | |
| **DEBTOR** | : | |

### ORDER AUTHORIZING EMPLOYMENT OF
### THE LAW OFFICES OF JEFFREY HELLMAN, LLC

Upon consideration of the application of Anthony S. Novak, Trustee, for authority to employ the Law Offices of Jeffrey Hellman, LLC to serve as Special Counsel in connection with this case (ECF No. 12), and the proposed affidavit of Attorney Jeffrey Hellman and it appearing that he is admitted to practice in this Court, and that the Court being satisfied that (i) pursuant to Title 11, USC §327(a), the Law Offices of Jeffrey Hellman, LLC does not hold or represent an interest adverse to the estate and is disinterested in the matters upon which it is to be engaged, and (ii) pursuant to §327(d), said employment is in the best interests to the estate; it is hereby

**ORDERED** that Anthony S. Novak, Trustee herein, is authorized to employ Jeffrey Hellman, Esquire as attorney for the Trustee and the estate, to otherwise recover preference payments made by the Debtor in violation of 11 USC Sec. 547, fraudulent transfers obtained or directed by Officers of the Debtor pursuant to 11 USC Sec. 548 and state law pursuant to 11 USC Sec. 549 and post-petition payments made by the Debtor in violation of 11 USC Sec. 549 and to recover state law claims belonging to the estate; and it is

**FURTHER ORDERED** that pursuant to §327(d), the application is APPROVED and that the Trustee is authorized to retain the Law Offices of Jeffrey Hellman, LLC as its counsel to commence and litigate complaints pursuant to Title 11, U.S.C. §§544, 547(b), 548(a), 550 and/or applicable Connecticut State Law regarding fraudulent conveyances and/or preferences, as set forth in the Application; and it is

**FURTHER ORDERED** that payment of compensation and reimbursement of expenses by the Law Offices of Jeffrey Hellman, LLC as counsel for the Trustee shall be computed on a contingent fee basis with allowance and payment on one-third (1/3) of amounts recovered, plus reasonable expenses, whichever is less, subject to further order of this Court after notice and a hearing upon proper application pursuant to §330 and 331; it is

**FURTHER ORDERED t**hat allowance of any such compensation for the Law Offices of Jeffrey Hellman, LLC shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 7 trustee without the assistance of an attorney; it is

**FURTHER ORDERED** that the Law Offices of Jeffrey Hellman, LLC has no authority to settle any litigation for the bankruptcy estate and that any settlement proposal must be presented, through the bankruptcy estate trustee, to the Bankruptcy Court and is not settled until the Bankruptcy Court enters an Order approving the settlement; it is

**FURTHER ORDERED** that upon the receipt of proceeds from either a judgment or settlement. The Law Offices of Jeffrey Hellman, LLC has no authority to either disburse or retain those proceeds but must immediately (no longer than the second business day after receipt) turn those proceeds over to the bankruptcy estate trustee.

Dated at Hartford, Connecticut this 6th day of February, 2023.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut