**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| ROLLCAGE TECHNOLOGY, INC., | : | CASE NO.: 22-20743 (JJT) |
| Debtor. | : | MARCH 2, 2023 |

**AMENDED MOTION FOR RULE 2004 EXAMINATION**

Anthony S. Novak, Chapter 7 Trustee of the Estate of Rollcage Technology, Inc. (the "Trustee") through his undersigned counsel, Jeffrey Hellman hereby moves this Court for an order compelling Bank of America, N.A. ("BOA") to appear for an examination pursuant to Fed. R. Bankr. P. 2004(a) and 9016. In support hereof, the Trustee respectfully alleges as follows:

**INTRODUCTION**

1. On October 25, 2022 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

**BACKGROUND**

3. The Trustee believes that BOA has knowledge and information concerning the financial condition and transactions of the Debtor, the Debtor's managing member Daniel Donshik ("Daniel") and Daniel's father Peter Donshik ("Peter") who was involved in winding up the affairs of the Debtor, who provided the fees for the Debtor's bankruptcy attorney and who owns the home in which Daniel resides. The Trustee also believes that BOA has knowledge

1

and information concerning transactions between the Debtor and the Debtor's landlord, Bretanlex, LLC f/k/a Cockpit Properties, LLC of which Daniel is the managing member. The Trustee believes that BOA also has knowledge and information concerning transactions between the Debtor, and Tennetech, LLC (a company which may be liable as a fraudulent transferee of the Debtor) and John Ryan Meyer a/k/a Ryan Meyer who is a former employee of the Debtor and the current managing member of Tennetech, LLC. Lastly, the Trustee believes that BOA has knowledge and information concerning transactions between the Debtor and Daniel Donshik's ex-wife, Karen Robbins.

## RELIEF REQUESTED

4. In order to fully determine the financial condition of the Debtor, the Trustee requests an order authorizing him to take the examination of BOA pursuant to Fed. R. Bankr. P. 2004(a).

5. In addition to conducting an examination of BOA, the Trustee seeks to compel, pursuant to Fed. R. Bankr. P. 2004(c), the production of documentary evidence in the manner provided in Fed. R. Bankr. P. 9016 as set forth on the subpoena annexed hereto.

## BASIS OF RELIEF REQUESTED

6. Fed. R. Bankr. P. 2004(a) provides that this Court may order the examination of any entity. BOA is an entity which the Trustee believes should be examined under Rule 2004(a) and from whom documents should be obtained pursuant to Rule 2004(c).

7. The undersigned submits that the relief requested herein is appropriate and authorized by Fed. R. Bankr. P. 2004(a) and (c).

**WHEREFORE**, the undersigned respectfully requests that the Court grant the relief requested herein and for such other and further relief as may be just and proper.

Dated at New Haven, Connecticut this 3rd day of March, 2023.

                                            **ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ROLLCAGE TECHNOLOGY, INC.**

By:    /s/ *Jeffrey Hellman*
        Jeffrey Hellman, Esq.
        Law Offices of Jeffrey Hellman, LLC
        195 Church Street, 10th Floor
        New Haven, CT 06510
        Tel. 203-691-8762
        Email: jeff@jeffhellmanlaw.com
        Federal Bar No.: ct04102