EXHIBIT A

**Archived:** Tuesday, January 3, 2023 2:52:54 PM
**From:** Ryan Meyer
**Sent:** Wed, 5 Feb 2020 19:23:15
**To:** Tony Sharpe
**Subject:** Re: Signature cards and corp resolution
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
Ryan_Officer.pdf ▪ roll cage corp res-tobank.pdf ▪ roll cage sig cards & internet-tobank.pdf

---

Tony,

Please see attached. I am sending Dan's officer status shortly.

Thanks,

Ryan

Ryan Meyer
(615) 710-3455
ryan.meyer@rollcagetech.com


On Feb 4, 2020, at 4:08 PM, Tony Sharpe <Tony.Sharpe@renasant.com> wrote:

Ryan,
\~
\~ Attached is the signature cards and corp resolution we need signed.\~ I've marked all the spots we need signatures and dated them for today.\~ We should be good to go.\~ Once you send the Bylaws, or Annual report I can send these docs in to our internet banking team to get that activated.\~\~
\~
\~
<image001.jpg>

**Tony Sharpe**
Branch Manager Lending, BO
NMLS ID: 402669
815 Columbia Ave
Franklin, TN 37064
Tony.Sharpe@renasant.com
Office: 615-435-4355
Mobile: 615-202-4748

\itap2<image002.png>\~\itap2<image003.png>\~\itap2<image004.png>\~\itap2<image005.png>\~   RenasantBank.com   Open an Account   Renasar Email Opt-Out

\~
\~
<image008.png>
\~

This message has originated outside of your organization\~<roll cage sig cards & internet-02042020155901.pdf><roll cage corp res-02042020160006.pdf>

**Rollcage Technology, Inc.**
**Secretary's Certification**

I, Keith D. Robbins, Secretary of Rollcage Technology, Inc., a corporation organized and existing under the laws of the State of Connecticut, hereby certify that, as of the date of this Certification, Ryan Meyer is a duly elected and serving Vice President of Rollcage Technology, Inc., and in such capacity is authorized to sign and execute all legal documents on behalf of Rollcage Technology, Inc.

IN WITNESS WHEREOF, I have hereunto set my hand and caused the seal of the Corporation to be affixed hereto, this 31st day of October, 2016.

_____
Keith D. Robbins, Secretary


(SEAL)

| | |
|---|---|
| Renasant Bank<br>Franklin<br>815 Columbia Ave<br>Franklin, TN 37064 | By: Rollcage Technology, Inc<br>4172 Clovercroft Rd<br>Franklin, TN 37067 |

Revised on - 02/04/2020
Referred to in this document as "Financial Institution"                    Referred to in this document as "Corporation"

---

I, **Daniel Donshik**, certify that I am Secretary (clerk) of the above named corporation organized under the laws of **Connecticut**, Federal Employer I.D. Number [redacted], engaged in business under the trade name of **Rollcage Technology, Inc**, and that the resolutions on this document are a correct copy of the resolutions adopted at a meeting of the Board of Directors of the Corporation duly and properly called and held on **02/04/2020** (date). These resolutions appear in the minutes of this meeting and have not been rescinded or modified.

**AGENTS** The person(s) authorized to act for the Corporation on the account(s) may be referenced herein or on the signature card as either "Agent" or "Authorized Signer." Any Agent listed below, subject to any written limitations, is authorized to exercise the powers granted as indicated below:

| Name and Title or Position | Signature | Facsimile Signature (if used) |
|---|---|---|
| A. Daniel Matthew Donshik  Secretary | X [signature] | X |
| B. John Ryan Meyer  Agent | X [signature] | X |
| C. | X | X |
| D. | X | X |
| E. | X | X |
| F. | X | X |

**POWERS GRANTED** (Attach one or more Agents to each power by placing the letter corresponding to their name in the area before each power. Following each power indicate the number of Agent signatures required to exercise the power.)

| Indicate A, B, C, D, E, and/or F | Description of Power | Indicate number of signatures required |
|---|---|---|
| A B | (1) Exercise all of the powers listed in this resolution. | 1 |
| | (2) Open any deposit or share account(s) in the name of the Corporation. | |
| | (3) Endorse checks and orders for the payment of money or otherwise withdraw or transfer funds on deposit with this Financial Institution. | |
| | (4) Borrow money on behalf and in the name of the Corporation, sign, execute and deliver promissory notes or other evidences of indebtedness. | |
| | (5) Endorse, assign, transfer, mortgage or pledge bills receivable, warehouse receipts, bills of lading, stocks, bonds, real estate or other property now owned or hereafter owned or acquired by the Corporation as security for sums borrowed, and to discount the same, unconditionally guarantee payment of all bills received, negotiated or discounted and to waive demand, presentment, protest, notice of protest and notice of non-payment. | |
| | (6) Enter into a written lease for the purpose of renting, maintaining, accessing and terminating a Safe Deposit Box in this Financial Institution. | |
| | (7) Other _____ | |

☒ **LIMITED TO SPECIFIC ACCOUNT** If this box is checked, this resolution and the powers provided herein shall apply only to the account of the Corporation bearing account number: [redacted] (See page 2, paragraph 2, for the effect of such limitation.)

**EFFECT ON PREVIOUS RESOLUTIONS** ☒ Supersedes. If this box is checked this resolution supersedes all previous resolutions of the Corporation presently on file with Financial Institution and in effect, except for those resolutions which are limited to a specific account, provided the additional conditions set forth on page 2, paragraph 3 are met. If this box is not checked all resolutions remain in full force and effect.

**CERTIFICATION OF AUTHORITY**
I further certify that the Board of Directors of the Corporation has, and at the time of adoption of this resolution had, full power and lawful authority to adopt the resolutions on page 2 and to confer the powers granted above to the persons named who have full power and lawful authority to exercise the same. (Apply seal below where appropriate.)

☐ If checked, the Corporation is a non-profit corporation.

In Witness Whereof, I have subscribed my name to this document and affixed the seal of the Corporation on **2/4/2020** (date).

X [signature]                                              X [signature]
Attest by One Other Officer                               Daniel Donshik  Secretary
John Ryan Meyer

---

Corporate Authorization
VMP® Bankers Systems™  Custom  MDF.EMSCA1
Wolters Kluwer Financial Services ©1995, 1997, 2006                    Initials: _____

CA-1 12/16/2006
VMPC158 (0612)
Page 1 of 2

(1) The Financial Institution is designated as a depositary for the funds of the Corporation and to provide other financial accommodations indicated in this resolution.
(2) If this resolution is limited to a specific Deposit Account, then any powers conferred by this resolution are limited to the specific Deposit Account identified on page 1.
(3) Unless "superseding" is indicated on page 1 of this resolution, any and all prior resolutions adopted by the Board of Directors of the Corporation and certified to the Financial Institution as governing the operation of this Corporation's account(s) (individually a "Deposit Account", and collectively the "Deposit Accounts"), are in full force and effect, until the Financial Institution receives and acknowledges an express written notice of its revocation, modification, or replacement as provided above. In order for this resolution to supersede previous resolutions in effect, the superseding box on page 1 must be checked and an updated signature card must be completed, signed, delivered to and recorded by the Financial Institution for each existing Deposit Account which Corporation wishes to supersede by this resolution. If an updated signature card is not completed, signed, delivered to and recorded by the Financial Institution, then the signature card on file with the Financial Institution will continue to govern such Deposit Account. If the Corporation delivers conflicting resolutions, Financial Institution may look to all resolutions and signature cards as a whole to determine the identity of and authority granted to the Agent(s) named. This resolution shall continue to have effect until superseded by a subsequent resolution as provided above or until express written notice of its rescission or modification has been received and recorded by the Financial Institution. Any revocation, modification or replacement of a resolution must be accompanied by documentation, satisfactory to the Financial Institution, establishing the authority for any changes.
(4) The signature of an Agent on this resolution is conclusive evidence of their authority to act on behalf of the Corporation. Any Agent, so long as they act in a representative capacity as an Agent of the Corporation, is authorized to make any and all other contracts, agreements, stipulations and orders which they may deem advisable for the effective exercise of the powers indicated on page one, from time to time with the Financial Institution, subject to any restrictions on this resolution or otherwise agreed to in writing, including without limitation, authorization for those Agents identified as having the authority set forth in Paragraphs (1), (2) and (3) of the Description of Powers on the preceding page 1 to enter into agreements with respect to issuance of debit cards, internet (online) banking, mobile internet (online) banking, internet (online) bill payment and related internet (online) banking services.
(5) All transactions, if any, with respect to any deposits, withdrawals, rediscounts and borrowings by or on behalf of the Corporation with the Financial Institution, subject to any restrictions on this resolution or otherwise agreed to in writing prior to the adoption of this resolution are hereby ratified, approved and confirmed.
(6) The Corporation agrees to the terms and conditions of any account agreement, properly opened by any Agent of the Corporation. The Corporation authorizes the Financial Institution, at any time, to charge the Corporation for all checks, drafts, or other orders, for the payment of money, that are drawn on the Financial Institution, so long as they contain the signature of an Agent for this purpose or are otherwise authorized as set forth in this resolution.
(7) The Corporation acknowledges and agrees that the Financial Institution may furnish at its discretion automated access devices to Agents of the Corporation to facilitate those powers authorized by this resolution or other resolutions in effect at the time of issuance. The term "automated access device" includes, but is not limited to, credit cards, automated teller machines (ATM), and debit cards.
(8) The Corporation acknowledges and agrees that the Financial Institution may rely on alternative signature and verification codes issued to or obtained from the Agent named on this resolution. The term "alternative signature and verification codes" includes, but is not limited to, facsimile signatures on file with the Financial Institution, personal identification numbers (PIN), digital signatures and electronic signatures, including but not limited to those captured via a digital pen pad device. If a facsimile signature specimen has been provided on this resolution, (or that are filed separately by the Corporation with the Financial Institution from time to time) the Financial Institution is authorized to treat the facsimile signature as the signature of the Agent(s) regardless of by whom or by what means the facsimile signature may have been affixed so long as it resembles the facsimile signature specimen on file. The Corporation authorizes each Agent to have custody of the Corporation's private key used to create a digital signature and to request issuance of a certificate listing the corresponding public key. The Financial Institution shall have no responsibility or liability for unauthorized use of alternative signature and verification codes unless otherwise agreed in writing.
(9) Without limitation on the authority granted in paragraph (3) above, Agents who are identified as Agents with the powers designated in Paragraphs (1) and (2) of the Description of Powers on the preceding page 1 of this resolution (individually an "Account Administrator", collectively "Account Administrators") may enter into and close from time to time, certain operating, treasury management, funds transfer, night depository, lockbox, safe deposit box, debit card and other bank services offered by the Financial Institution relating to the Deposit Accounts including, without limitation, wire transfer, internet (online) banking, positive pay, Automated Clearing House (ACH) origination, and remote deposit capture (each a "Bank Service" or collectively "Bank Services"); to execute, amend, supplement, and deliver to the Financial Institution agreements on behalf of the Corporation related to the Bank Services (each a "Service Agreement" or collectively "Service Agreements") upon such terms and conditions as they may deem appropriate, including, without limitation, such waivers and indemnities as may be requested by Financial Institution and the authority: (a) to appoint and delegate, from time to time, persons or other entities who may act on behalf of the Corporation pursuant to such Service Agreements irrespective of whether any such person or entity is an Agent for such Corporation in a resolution adopted with respect to any of the Deposit Accounts; and (b) to delegate or appoint a person or entity who may further initiate transactions or instructions using security procedures applicable to any such Bank Service.
(10) Any Account Administrator is hereby authorized to appoint, from time to time, additional person(s) who may act on behalf of the Corporation as an Agent with respect to any of the powers referenced in the Description of Powers on the preceding page 1 of this resolution, such person(s) shall have the same authority as any Agent designated on page 1 of this resolution with corresponding powers, including any Agent with the powers designed in Paragraphs (1) and (2) of the Description of Powers, and any such Agent who is additionally appointed by the Account Administrator with such powers shall also be considered an Account Administrator.
(11) The Corporation has from time to time established relationships with other businesses or entities which may or may not be affiliates by common ownership or control, as well as relationships with other persons who may act on behalf of the Corporation, such as officers, directors, managers, members, accountants, attorneys, or other persons; and it is in the interest of and the Account Administrators are hereby authorized to allow such other organizations, entities, or persons (any one of which will be referenced herein individually as a "Third Party" and collectively as "Third Parties") to have access to and initiate transactions with respect to any of the Deposit Accounts, as well as access to any loan accounts which the Corporation presently or hereafter has with Financial Institution, via internet (online) banking or any other Bank Service(s), all on such terms and conditions as any Account Administrator may agree. The Corporation further authorizes the Financial Institution to honor the instruction or authorization of any Account Administrator: (1) to provide complete access by any Third Party to the Deposit Accounts and loan accounts of the Corporation, and (2) to recognize, accept and effectuate all transactions initiated via any Bank Service(s) by any Third Party with respect to the Deposit Accounts or loan accounts of the Corporation, all without further inquiry regarding: (a) the authority of the person(s) initiating the transaction(s), and (b) any aspect of the transaction(s) itself. The Financial Institution shall not otherwise be deemed to have any knowledge of the provisions of any agreement between the Corporation and any Third Party respecting such banking or other matters, nor any of their respective duties or authority there under.
(12) The Corporation acknowledges and agrees (1) that a change in the Agents or authorized signers or users on any of the Deposit Accounts, any loan account, or any Bank Service; or any renewal, extension, amendment, or replacement of any of the Deposit Accounts, loan accounts or agreements for Bank Service shall have no effect on this resolution or the powers and authority authorized by any Account Administrator; (2) that any internet (online) banking administrator or any other administrator designated by any Third Party in connection with any such Bank Service has the authority to administer all aspects of the powers, authority and access authorized by the Account Administrator including, without limitation, the authority to determine and grant authority for other persons and entities to view or initiate any transactions with respect to the Deposit Accounts and/or loan accounts of the Corporation.
(13) With respect to the Bank Services agreed to by an Account Administrator or administrator of any Third Party authorized by the Account Administrator, the initiation of a transaction or instructions using security procedures applicable to any such service constitutes sufficient authorization for Financial Institution's obligations to execute such transaction or instruction regardless of whether such transaction or instructions were initiated by an Agent, Third Party, or any administrator of a Third Party, and that the submission of transactions and instructions using such security procedures shall be considered the written signature of an Agent with authority to withdraw and transfer funds on deposit, and the Corporation shall be conclusively bound by any and all such transactions, regardless of whether the initiator of the transaction was in fact authorized to initiate the transaction.
(14) The Corporation has fully advised the appropriate owners, directors, officers, and other personnel of the Corporation regarding the authority granted to the Account Administrators or any Agent herein, and fully agrees to be bound by the terms hereof in respect of any Service Agreement or linkage or joinder agreement with a Third Party entered into by the Agent and/or Account Administrator with respect to its Deposit Accounts.
(15) That the Corporation does hereby further (a) agree that Financial Institution shall have no responsibility with respect to the application of funds pursuant to transactions authorized by Account Administrators or any Agent designated in this resolution, and Financial Institution's obligations with respect to such funds and other matters shall be limited strictly and specifically by the agreements entered into by the Account Administrator or Agent with respect to such Bank Services, and (b) agree to indemnify and save Financial Institution, its officers, directors, employees, affiliates, agents, and service providers harmless from any damage, loss, injury, or claim, of any nature or amount, arising from the authority granted in this resolution or any breach or falsity of the certifications set forth herein.
(16) Each person who certifies to this resolution on behalf of the Corporation further certifies: a) that he/she is a person authorized to make the certifications herein and that the foregoing is a complete and correct copy of the resolutions duly adopted by the Corporation and affirmatively appearing in the permanent records of the Corporation; b) that the governing documents of the Corporation provided to the Financial Institution are true and correct and have not been amended as to the date of such resolutions; c) that there is no provision within the articles of incorporation, the by-laws, or other governing document of the Corporation, whichever of the foregoing instruments is applicable, that either restricts the passing of such resolutions or prevents him/her from executing this certification, and that these acts were and are duly approved and authorized in conformity with the governing documents and applicable law; d) that such resolutions (i) have not been modified, amended or rescinded, (ii) are in full force and effect, and (iii) are binding upon the Corporation; and e) that the Corporation is duly organized, validly existing and in good standing under the laws governing its creation and existence, and is duly registered in all states which it does business.

Pennsylvania. The designation of an Agent does not create a power of attorney; therefore, Agents are not subject to the provisions of 20 Pa.C.S.A. Section 5601 et seq. (Chapter 56; Decedents, Estates and Fiduciaries Code) unless the agency was created by a separate power of attorney. Any provision that assigns Financial Institution rights to act on behalf of any person or entity is not subject to the provisions of 20 Pa.C.S.A. Section 5601 et seq. (Chapter 56; Decedents, Estates and Fiduciaries Code).

---

**FOR FINANCIAL INSTITUTION USE ONLY**

Acknowledged and received on _____ (date) by _____ (initials) ☐    This resolution is superseded by resolution dated _____ .

Comments:

---

Corporate Authorization
VMP® Bankers Systems™   Custom   MDF. EMSCA1
Wolters Kluwer Financial Services ©1995, 1997, 2006

CA-1  12/16/2006
VMPC158 (0612)
Initials: _____    Page 2 of 2

## II. CERTIFICATION OF BENEFICIAL OWNER(S)

Persons opening an account on behalf of a legal entity must provide the following information:

| Name of Natural Person Opening Account: Ryan Meyer | Title of Natural Person Opening Account: EVP/COO |
|---|---|
| Type of Legal Entity for Which the Account is Being Opened: Corporation | Legal Entity Identifier (Optional): |
| Name of Legal Entity for Which the Account is Being Opened: Rollcage Technology, Inc | |
| Physical Address of Legal Entity for Which the Account is Being Opened: 4172 Clovercroft Rd   Franklin, TN 37067 | |
| Account Type (Optional): | Account Number (Optional): |

Provide the following information for each individual, if any, who, directly or indirectly, through any contract, arrangement, understanding, relationship or otherwise, owns 25 percent or more of the equity interests of the legal entity listed above:

| Name (Beneficial Owner) | Date of Birth / Percent of Ownership (Optional) | Address (Residential or Business Street Address) | For U.S. Persons: Social Security Number | For Non-U.S. Persons: Social Security Number, Passport Number and country of issuance, or other similar identification number[1] |
|---|---|---|---|---|
| First: Daniel  M.I.: M  Last: Donshik  Suffix: | 11/15/1971  50.00% | Street: 11 School House Ln  City: Simsbury  State & Zip: CT 06070 | [redacted] | Number:  Country of Issuance: |
| First: John  M.I.: R  Last: Meyer  Suffix: | 11/23/1982  50.00% | Street: 4172 Clovercroft Rd  City: Franklin  State & Zip: TN 37067 | [redacted] | Number:  Country of Issuance: |
| First:  M.I.:  Last:  Suffix: | % | Street:  City:  State & Zip: | | Number:  Country of Issuance: |
| First:  M.I.:  Last:  Suffix: | % | Street:  City:  State & Zip: | | Number:  Country of Issuance: |

☐ If checked, Beneficial Owner listing requirement is Not Applicable

Certification of Beneficial Owners with Verification
© 2018 Wolters Kluwer Financial Services, Inc.
All rights reserved.

CERT-BEN-V 9/1/2018
(1809).00
Page 2 of 4

# Certification of Beneficial Owners of Legal Entities

| Financial Institution Name: Renasant Bank | | Financial Institution Location: Franklin |
|---|---|---|
| Financial Institution Contact Person: Uriah Hawkins | Contact Phone Number: 877-367-5371 | Customer Portfolio/Identifier: ▓▓▓▓▓▓▓ |

## I.  GENERAL INSTRUCTIONS

**What is this form?**
To help the government fight financial crime, Federal regulation requires certain financial institutions to obtain, verify, and record information about the beneficial owners of legal entity customers. Legal entities can be abused to disguise involvement in terrorist financing, money laundering, tax evasion, corruption, fraud, and other financial crimes. Requiring the disclosure of key individuals who own or control a legal entity (i.e., the beneficial owners) helps law enforcement investigate and prosecute these crimes.

**Who has to complete this form?**
This form must be completed by the person opening a new account on behalf of a legal entity with any of the following U.S. financial institutions: (i) a bank or credit union; (ii) a broker or dealer in securities; (iii) a mutual fund; (iv) a futures commission merchant; or (v) an introducing broker in commodities.

For the purposes of this form, a **legal entity** includes a corporation, limited liability company, or other entity that is created by a filing of a public document with a Secretary of State or similar office, a general partnership, and any similar business entity formed in the United States or a foreign country. **Legal entity** does not include sole proprietorships, unincorporated associations, or natural persons opening accounts on their own behalf.

**What information do I have to provide?**
This form requires you to provide the name, address, date of birth and Social Security number (or passport number or other similar information, in the case of Non-U.S. persons) for the following individuals (*i.e.*, the **beneficial owners**):

> (i) Each individual, if any, who owns, directly or indirectly, 25 percent or more of the equity interests of the legal entity customer (*e.g.*, each natural person that owns 25 percent or more of the shares of a corporation); **and**

> (ii) An individual with significant responsibility for managing the legal entity customer (*e.g.*, a Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, Managing Member, General Partner, President, Vice President, or Treasurer).

The number of individuals that satisfy this definition of "beneficial owner" may vary. Under section (i), depending on the factual circumstances, up to four individuals (but as few as zero) may need to be identified. Regardless of the number of individuals identified under section (i), you must provide the identifying information of one individual under section (ii). It is possible that in some circumstances the same individual might be identified under both sections (*e.g.*, the President of Acme, Inc. who also holds a 30% equity interest). Thus, a completed form will contain the identifying information of at least one individual (under section (ii)), and up to five individuals (*i.e.*, one individual under section (ii) and four 25 percent equity holders under section (i)). The financial institution may also ask to see a copy of a driver's license or other identifying document for each beneficial owner listed on this form.

Certification of Beneficial Owners with Verification
© 2018 Wolters Kluwer Financial Services, Inc.
All rights reserved.

CERT-BEN-V 9/1/2018
(1809).00
Page 1 of 4

Provide the following information for one individual with significant responsibility for managing the legal entity listed above, such as:
- ◆ An executive officer or senior manager (e.g., Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, Managing Member, General Partner, President, Vice President, Treasurer); or
- ◆ Any other individual who regularly performs similar functions.

(If appropriate, an individual listed under the ownership section above may also be listed in the section below).

| Name/Title (of Person with Control) | Date of Birth | Address (Residential or Business Street Address) | For U.S. Persons: Social Security Number | For Non-U.S. Persons: Social Security Number, Passport Number and country of issuance, or other similar identification number[1] |
|---|---|---|---|---|
| First: John  M.I.: R  Last: Meyer  Suffix:  Title: EVP/COO | 11/23/1982 | Street: 4172 Clovercroft Rd  City: Franklin  State & Zip: TN 37067 | [redacted] | Number:  Country of Issuance: |

[1] In lieu of a passport number, Non-U.S. Persons may also provide a Social Security Number, an alien identification card number, or number and country of issuance of any other government-issued document evidencing nationality or residence and bearing a photograph or similar safeguard.

I, Ryan Meyer *(name of natural person opening account)*, hereby certify, to the best of my knowledge, that the information provided above is complete and correct. Also, the Legal Entity named above agrees to notify the Financial Institution of any change in the beneficial ownership information on this Certification.

Signature: X [signature]    Date: 2/4/2020

### For Institution Use Only:

| Name of Beneficial Owner | Type of Document | Document ID Number | Place of Issuance | Date of Issuance | Expiration Date |
|---|---|---|---|---|---|
| Daniel Donshik | Driver's License ☐ | [redacted]0046 | CT | 11/03/2015 | 11/15/2021 |
| John Meyer | Driver's License ☐ | [redacted]0589 | TN | 09/11/2017 | 09/11/2025 |
|  | ☐ |  |  |  |  |
|  | ☐ |  |  |  |  |
| John Meyer | Driver's License ☐ | [redacted]0589 | TN | 09/11/2017 | 09/11/2025 |

Certification of Beneficial Owners with Verification  
©2018 Wolters Kluwer Financial Services, Inc.  
All rights reserved.  
CERT-BEN-V 9/1/2018  
(1809).00  
Page 3 of 4

**Additional Information:**

Certification of Beneficial Owners with Verification
© 2018 Wolters Kluwer Financial Services, Inc.
All rights reserved.

CERT-BEN-V 9/1/2018
(1809).00
Page 4 of 4

Renasant Bank
Franklin
815 Columbia Ave
Franklin, TN 37064

Revised on - 02/04/2020

ACCOUNT NUMBER: ███████

ACCOUNT OWNER(S) NAME & ADDRESS
Rollcage Technology, Inc
4172 Clovercroft Rd
Franklin TN 37067

**OWNERSHIP OF ACCOUNT - PERSONAL**
- ☐ INDIVIDUAL  ☐ _____
- ☐ JOINT - WITH SURVIVORSHIP (and not as tenants in common)
- ☐ PAY-ON-DEATH
DESIGNATION AS DEFINED IN THIS AGREEMENT
Name and Address of Beneficiaries:

**TYPE OF ACCOUNT**
- ☐ NEW  ☒ EXISTING
- ☒ CHECKING  ☐ SAVINGS
- ☐ MONEY MARKET  ☐ CERTIFICATE OF DEPOSIT
- ☐ NOW  ☐ _____

This is your (check one): Business Checking 155
☒ Permanent  ☐ Temporary  account agreement.

Number of signatures required for withdrawal: 1
FACSIMILE SIGNATURE(S) ALLOWED?  ☐ YES  ☒ NO

[X _signature_ ]
SIGNATURE(S) The undersigned certifies the accuracy of the information he/she has provided and acknowledges receipt of a completed copy of this form. The undersigned authorizes the financial institution to verify credit and employment history and/or have a credit reporting agency prepare a credit report on the undersigned, as individuals. The undersigned also acknowledge the receipt of a copy and agree to the terms of the following agreement(s) and/or disclosure(s):

☐ Deposit Account Agreement  ☐ Truth in Savings
☐ Funds Availability  ☐ Electronic Fund Transfers  ☐ Privacy
☐ Substitute Checks  ☐ Common Features
☐ _____

**OWNERSHIP OF ACCOUNT - BUSINESS/OTHER**
- ☐ SOLE PROPRIETORSHIP  ☐ LIMITED LIABILITY COMPANY
- ☒ CORPORATION:  ☒ FOR PROFIT  ☐ NOT FOR PROFIT
- ☐ PARTNERSHIP  ☐ TRUST  ☐ ESTATE
- ☐ _____

BUSINESS: Small Business
COUNTY & STATE OF ORGANIZATION: Connecticut
AUTHORIZATION DATED: 02/04/2020

DATE OPENED: 01/02/2020  BY Tony Sharpe
INITIAL DEPOSIT $ N/A
☐ CASH  ☐ CHECK  ☒ _____
HOME TELEPHONE # (615) 710-3455
BUSINESS PHONE # _____
DRIVER'S LICENSE # _____
E-MAIL: Ryan.meyer@rollcagetech.com
EMPLOYER _____
MOTHER'S MAIDEN NAME _____
Name and address of someone who will always know your location: _____

(1): [X _signature_ ]
Daniel Matthew Donshik - Auth Signer
I.D. # ███████  D.O.B. 11/15/1971

(2): [X _signature_ ]
John Ryan Meyer - Auth Signer
I.D. # ███████  D.O.B. 11/23/1982

(3): [X _____ ]
I.D. # _____  D.O.B. _____

(4): [X _____ ]
I.D. # _____  D.O.B. _____

(5): [X _____ ]
I.D. # _____  D.O.B. _____

**BACKUP WITHHOLDING CERTIFICATIONS**
TIN: ███████

☒ TAXPAYER I.D. NUMBER - The Taxpayer Identification Number shown above (TIN) is my correct taxpayer identification number.

☒ BACKUP WITHHOLDING - I am not subject to backup withholding either because I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified me that I am no longer subject to backup withholding.

☐ EXEMPT RECIPIENTS - I am an exempt recipient under the Internal Revenue Service Regulations.

SIGNATURE: I certify under penalties of perjury the statements checked in this section and that I am a U.S. citizen or other U.S. person (as defined in the instructions). Rollcage Technology, Inc.

X _signature_  Rollcage Technology, Inc  (Date) 2/4/20

## AGREEMENT FOR BASIC BUSINESS INTERNET BANKING SERVICES ("BIB AGREEMENT")

Dear Business Internet Banking Client:

We at Renasant Bank ("we" or "Bank") are pleased to make available our Basic Business Internet Banking and Bill Payment Services (the "BIB Service"). The BIB Service set forth in this "BIB Agreement" replaces any existing business internet banking and bill payment agreements with us.

To enroll in BIB Service, an authorized signer who is authorized on each of your accounts per your resolution on file with the Bank, must first approve this BIB Agreement and complete an online enrollment process. You may begin using the BIB Service once the Bank has approved such enrollment.

Thank you for choosing Renasant Bank for your business needs. We appreciate the opportunity to serve you. If you would like to hear about our Enhanced Business Internet Banking Service, which offers features not available through the BIB Service, or have questions about any other Treasury Management Services, please contact your local branch for the name of your Treasury Management representative.

CUSTOMER: **Rollcage Technology, Inc**

TAX ID: [redacted]

The undersigned certifies that he/she is an authorized signer on each of the accounts of the above Customer with Bank, and that on behalf of Customer, he/she (a) has received and read (or been provided an opportunity to read) the BIB Agreement in the form presented to him/her and has been provided a copy of such agreement, (b) accepts the terms and conditions of the BIB Agreement, and (c) agrees that that any use or continued use of the BIB Service, as amended from time to time, shall constitute the agreement of Customer to be bound by the terms and conditions of this BIB Agreement, as amended from time to time.

Date: **02/04/2020**

X _[signature]_
(Signature of Authorized Signer)

**Daniel Donshik**
(Print Name of Authorized Signer)

**CEO**
Title

For Bank Use Only: Please confirm that the authorized signer signing on behalf of Customer is an authorized signer on each of the deposit accounts of Customer presently open with Bank.

_[signature]_
Bank Employee